Johnson J.
delivered the opinion of the Court.— There is no doubt that the doctrine of voucher, is; strictly and technically applicable only to real actions. Co. Lit. 101, b. But the principle, as far as it is applicable,.has been so long applied in cases involving the of personal property, that I have never before heard it called in question in our Courts. If one is sued for a personal chattel, the first advice he obtains-from his counsel, is to give notice to his warrantor, if the title to him be warranted, lo come in and defend it. It is apart of the contract of warranty, that the wan-antor shall defend the title, and by this mode of proceeding, two objects ai-e obtained: 1st. It gives the defendant the advantage of the better information which the warrantor is supposed to possess in relation to the title; and 2nd. Saves the necessity of trying the same title again in an action against the war-rantor., The notice to the warrantor makes him a ’ privy to the record, and he is bound by it to the extent to which his rights have been tried and adjudged; and in an action against him at the suit of the warran-tee, in addition to the record, all that is necessary to be shewn, is, that his title was in issue, and judgment given upon it: and this is the rule laid down by the Court in Allen v. Roundtree, May Term, 1832.
It does not appear from the report, that any objection was made at the trial to the admissibility of the record of recovery against the plaintiff on account of the time at which the notice was served, and for that reason, it is said it was not thought necessary to fix the precise time. This objection therefore comes too-late now, and cannot avail the defendant.
I believe no rule has heretofore been established as to the time when notice in such cases should be given to the warrantor. In cases within the summary jurisdiction, it ought, if practicable, to be given- at or before the return of the process. In cases within the general jurisdiction, notice at any time before the expiration of the rule to plead, would seem- to be in time. The object is to enable the warrantor to come in and defend his title. He ought therefore to have *29 a reasonable time to prepare for it, and the time which the law allows to a defendant, furnishes perhaps the safest rule. In the first class of cases however, the process might be served on the last hour of the last day before the return, so as to render 1 he service of the notice impracticable before the return. In those cases, notice within a reasonable time afterwards, would be all that could be expected. So where the warrantee had entered an appearance and put in his plea to the merits, I should think notice even after the continuance, if the warrantor had sufficient time to' prepare evidence for the trial, would be sufficient.

Motion dismissed.